Caruthees J:,
delivered the opinion of the court.
Broyles rented land to John H. Graham for one-third of the corn produced. 'Before the crop was gathered, he proposed to give his tenant $100 00 for his share, or take $50 for his own, and gave him that day to decide which he would do, and on his return from Smithville, the same evening, Graham, through his son, agreed to give the $50 for' his one-third, to which he said “well.” Nothing more was said — no time of payment was designated, or any money tendered or demanded. Graham thereupon sold the corn as it stood, in the field, except a small portion, which he had gathered, to the plaintiff, and received a part of the consideration. Not long after this sale, Broyles went to the field with his wagons and hands and gathered and hauled off one-third, of the rows of corn,, and for that this action of trover was brought..
*25 The only question presented is, whether the title to the corn passed to Graham by this contract? It is insisted that it did not, because no time of credit was agreed upon, and no tender of the money made, which it is argued, is necessary to pass the right to property, where no actual delivery is made.
We do not so understand the law. Personal property belongs to, and is at the risk of the buyer, whenever he agrees, at the proper time, to give the price that the seller proposes to take, if no conditions are annexed in the contract, even without delivery or tender of the price.
If one party says “I will take” and the other,” I will give” or vice versa, and nothing more, the trade is complete. Potter vs. Conrad, Meigs 26. True, the consideration is due instantly in such a case, and the vendor is not bound to deliver the property, until the money is paid, or tendered. Nor, on the other hand, can the price be recovered, without a delivery, or offer to deliver the property: Each party is thus secured, in the benefit of his contract. Story on Sales, 276. 7 East, 571. 2 Kent, 1&2. Chitty on Con., 374-5. If the seller desires to retain the right to the property, until the payment of the price, or to affix any other conditions, he must do so at the time of the contract. If he fails to do this, the right passed as soon as the trade is struck, and all claim to the property has gone from him. Yet, if the seller has the possession, as we have seen he is not bound to part with it, where the price is due instantly, as it is where no time is given, but this right does not affect the question of title either in the vendee, or a purchaser from him. *26 These principles do not apply to sales, which are regarded as imperfect, because, something still remains to be done by the vendor, in relation to the property. Story on S., 274.
But in the case before us, Broyles never had any title to the specific property sold, but only a lien upon it for his rent, which could be only enforced after judgment, against his tenant, nor was he ever in the possession, that was in Graham, the vendee.
The rules then in the books, which are referred to, and relied upon by the counsel for defendant, on the subject of delivery of property sold, have no application to this case.
Any right Broyles had to the growing and ungath-ered crop, was extinguished by the contract of sale, and Graham could and did pass a good and perfect title to the corn, unlawfully taken, and converted by the defendant. .
The plaintiff could well, therefore, sustain this action, for a wrongful conversion of his corn.
Let the judgment be affirmed.
The case of Graham vs. Broyles submitted to us with this, is an action of trespass for unlawfully entering upon the rented premises, taking the corn and other injuries, on which there was a recovery of damages below. It is correctly admitted in the argument to depend upon the same question, that is, the validity of the sale. So that will also be affirmed.